THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VALGENE FOWLER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 4, 1971, convicting him of attempted robbery in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. No opinion. Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to remand the case to the Criminal Term for resentence, with the following memorandum: To implement the purposes of article 9 of the Mental Hygiene Law for the treatment and rehabilitation of narcotic addicts and for the protection of society as well, the discretionary power of the sentencing court under section 208 of the Mental Hygiene Law, either to certify a defendant to the care of the Narcotic Addiction Control Commission or to sentence him to prison, is not to be exercised merely by whim or caprice or *in vacuo*. Nor is it an illimitable power, immune from appellate review. The exercise of the power should be founded on sufficient information to form a

reasoned judgment as to whether a particular addict would benefit from the State's narcotic addiction program. Judicial refusal to afford those charged with criminal misconduct narcotic addiction treatment where warranted would be to abort the program. In this situation of an adjudged addict who had committed various drug-related criminal acts and who pleaded for such certification and treatment, the probation report was barren of information that could assist the court in arriving at a sound determination. Accordingly, I would reverse for failure of the sentencing court to consider (by reason of an inadequate probation report) the essential factors relevant to the possible successful rehabilitation of this defendant. I would remand for resentence on the basis of a revised and complete probation report that would treat of defendant's habit and the likelihood of his rehabilitation.